PROB 35
(Rev. 4/81)

Report and Order Terminating Probation/
Supervised Release Prior to Original Expiration Date

# United States District Court

For The

District of New Jersey

RECEIVED
WILLIAM T. WALSH, CLERK

2005 FEB 18  P 4: 07

UNITED STATES DISTRICT COURT

UNITED STATES OF AMERICA

V.

David Chang

Crim. No. <u>99-00726-002</u>

On October 1, 2003, the above named was placed on supervised release for a period of 2 years. The supervised releasee has complied with the rules and regulations of supervised release and is no longer in need of supervised release supervision. It is accordingly recommended that the supervised releasee be discharged from supervised release.

Respectfully submitted,

*[signature]*

U.S. Probation Officer
Paul E. Choinski

## ORDER OF THE COURT

Pursuant to the above report, it is ordered that the supervised releasee be discharged from supervised release and that the proceedings in the case be terminated.

Dated this __18__ Day of __February__, __2005__.

*[signature]*

United States District Judge

David Chang
335 E. Palisades Blvd. #B
Palisades Park, NJ 07650

October 19, 2004

Mr. Paul E. Choinski
United States Probation
District of New Jersey
200 Federal Plaza, Suite 130
P.O. Box 2097
Paterson, NJ 07509-2097

RECEIVED
OCT 20 2004
U.S. PROBATION OFFICE
PATERSON, N.J.

Dear Mr. Choinski:

In relation to the Federal Investigation on Bob Torricelli's 1996 Campaign Contribution, I was sentenced for 18 months in prison and 2 years probation. I was released from jail on August 13, 2003 and began my probation on October 1, 2003.

I kindly request you for early termination from probation. I have now completed 50 % of my term without violation and I would need extensive medical treatment for my serious sickness.

Thank you for reviewing my request.

Very truly yours,

*David Chang* (signature)

David Chang

**UNITED STATES PROBATION OFFICE**
**DISTRICT OF NEW JERSEY**

CHRISTOPHER MALONEY
CHIEF PROBATION OFFICER

THOMAS S. LARSON
SUPERVISING U.S. PROBATION OFFICER

February 18, 2005

200 FEDERAL PLAZA
ROOM 130
P.O. BOX 2097
PATERSON, NJ 07509-2097
(973) 357-4080
FAX: (973) 357-4092

Honorable John C. Lifland, Sr. U.S. District Judge
Martin Luther King, Jr.
U.S. Courthouse & Federal Building
50 Walnut Street, Room 4062
Newark, New Jersey 07102

Re: U.S. v. David Chang
Dkt. Nos.: 99-00726-001 & 00-00358-001
<u>Early Termination Recommended</u>

Dear Judge Lifland:

On May 23, 2002, the above referenced offender was sentenced by the Honorable Alfred M. Wolin to 18 months and 1 day imprisonment followed by a three year term of supervised release for separate counts of Corrupt Persuasion with Intent to Influence Another, Conspiracy to Make Contributions in the Name of Another and Making Contributions in the Name of Another. The offender was ordered to pay a $20,000 fine and abide by the special conditions of full financial disclosure, a prohibition from incurring any new debt or opening additional lines of credit, and a restriction from political campaigning or fund raising. Chang has been supervised by this office since his release from prison on October 1, 2003.

In the attached letter, dated October 19, 2004, Chang is requesting an early termination from the remaining period of his supervision. Since the commencement of his federal supervision, Chang has remained in compliance with the conditions of his supervised release which has included the full payment of her court ordered financial obligations.

Therefore, taking into consideration the offender's satisfactory adjustment and in accordance with the Probation Office's current Monograph 109, *The Supervision of Federal Offenders*, we respectfully recommend that Your Honor grant this offender's request for an early termination from his supervision, pursuant to Title 18 U.S.C. § 3583(e)(1). Unless Your Honor considers otherwise, we ask that you please sign the attached Probation Form 35 approving the request. We will make ourselves available should the Court wish to discuss this matter. You may contact this office at the telephone number listed above.

Respectfully submitted,

CHRISTOPHER MALONEY, Chief
U.S. Probation Officer

By: Paul E Choinski
U.S. Probation Officer

Enclosure



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

**RECEIVED IN CHAMBERS**

JAN 26 2005

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 25, 2005

**HON. JOHN C. LIFLAND, USDJ**

The Honorable John C. Lifland
United States District Court
Martin Luther King Jr. Federal
    Building & Courthouse
50 Walnut Street
Newark, NJ   07101-0999

                Re:   United States v. David Chang,
                      Crim. No. 99-726 (JCL) (AMW)

Dear Judge Lifland:

      The United States Attorney's Office for the Southern District of New York, in its capacity as Acting United States Attorney for the District of New Jersey in this matter, respectfully submits this letter in opposition to the defendant's request for early termination from supervised release.  By letter dated October 19, 2004, Chang requests "early termination from probation," as he has completed half of his term without violation and he needs medical treatment for an unspecified "serious sickness."  (See Chang Letter to Probation Officer Choinski, dated October 19, 2004).  The Probation Office forwarded Chang's letter to this Office for comment, as it represented the Government in connection with Chang's cooperation and sentencing.  For the reasons that follow, the Government believes that Chang should be required to serve his entire term of supervised release, as ordered by the Court at sentencing.

I.    Background

      On June 2, 2000, Chang pleaded guilty to Count Sixteen of Superceding Indictment, Crim. No. 99-726(AMW), which charged Chang with a violation of Title 18, United States Code, Section 1512(b)(1) for coaching a potential grand jury witness to give false testimony about a financial transaction with Chang. Furthermore, Chang pleaded guilty to five misdemeanor counts of conspiring to violate, and violating, Federal election campaign

The Honorable John C. Lifland
Page 2
January 25, 2005

laws set forth in a superseding information for deliberately exceeding the limits on individual contributions to a 1996 federal election campaign.[1]

At his guilty plea, Chang admitted that he attempted to persuade a likely grand jury witness to give a false explanation to the grand jury about a check that Chang provided to the witness in exchange for the deposit of funds in Korea. Chang also admitted that he reimbursed a number of employees of his company, Bright & Bright, and others for making contributions to a federal election campaign in order to circumvent legal limits on the amount that Chang himself could contribute to that campaign.

Chang entered his guilty pleas pursuant to a cooperation agreement with the Government. During his period of cooperation, Chang provided credible information regarding various individuals who were subjects of Government investigation. During his meetings with the Government, Chang admitted that, from 1995 through 1998, he provided tens of thousands of dollars of cash and other things of value to a public official (the "Public Official") in exchange for the Public Official's assistance with business projects. According to Chang, this relationship began in 1995, after the Public Official wrote letters of recommendation on behalf of Chang to U.S. and foreign government officials from whom Chang was seeking government business. Soon afterwards, according to Chang, the Public Official requested that Chang provide him with $25,000 in cash, which the Public Official said he would use for the Public Official's campaign and which Chang provided.

After this initial delivery, from about 1996 until about December 1998, Chang claimed that he provided the Public Official with things of value worth many thousands of dollars, including additional cash payments. In this time period, Chang admitted, the Public Official provided many forms of assistance to Chang and his companies, including recommending Chang's

---

[1] The initial indictment was filed by the Campaign Finance Task Force, which was acting as the United States Attorney in New Jersey for this matter. The United States Attorney for the Southern District of New York then assumed responsibility of this prosecution after Chang pleaded guilty, and continues to represent the Government in this matter.

The Honorable John C. Lifland
Page 3
January 25, 2005

companies for government contracts, introducing Chang and his business associates to foreign business leaders, and attempting to enlist the assistance of State Department and National Security Council officials in recovering a large debt that the North Korean government owed to one of Chang's companies.

Chang also provided information concerning his relationship with C. Kenneth Quinones, a State Department North Korea analyst. Chang described how he made payments and provided gifts to Quinones and members of Quinones's family in order to build goodwill with the State Department and win Quinones's support for various business projects. For example, from 1991 until 1997, Chang and his representatives frequently consulted with Quinones concerning Chang's efforts to recover the large outstanding debt from North Korea, including requests that the State Department support the release of North Korean assets frozen by the United States, so that those assets could be used to repay North Korea's debt to Chang's companies.
Chang disclosed that, throughout this period, Chang provided numerous things of value to Quinones and his family, including a luxury automobile, a job for one of Quinones's daughters, and payment of the college tuition of another of Quinones's daughters.[2]

On May 23, 2002, Chang appeared before the Honorable Alfred M. Wolin for sentencing. After granting the Government's motion under Section 5K1.1 of the Sentencing Guidelines, Judge Wolin sentenced Chang to 18 months' incarceration, to be followed by a term of two years' supervised release. Chang was released from prison on or about August 13, 2003, and began serving his term of supervised release on or about October 1, 2003. Chang is being supervised by Probation Officer Paul Choinski, District of New Jersey.

III. Chang's Cooperation

The history of Chang's cooperation with the Government bears on the question of whether this Court should grant Chang's request for early termination of supervised release. It should be noted that although the Government did not ultimately bring a

---

[2] Quinones ultimately pleaded guilty to a violation of the criminal conflict of interest laws and to making false statements to law enforcement agents relating to his dealings with Chang.

The Honorable John C. Lifland
Page 4
January 25, 2005

prosecution against the Public Official, the Government found Chang's statements concerning the conduct of the Public Official to be credible in most material respects. Some critical aspects of Chang's account of events -- including most of the cash payments and the circumstances and understandings upon which Chang provided things of value to the Public Official -- were uncorroborated and necessarily rested on Chang's own credibility. Chang, however, engaged in conduct, both before and after his plea, that greatly compromised his usefulness as a witness.

Over the course of his business career and in his personal life, Chang engaged in fraudulent and deceptive conduct which undermined his credibility. For example, in an effort to promote his business interests, Chang made false claims about his business affiliations, the number of employees of his companies, and the size and scope of his business activities. Chang also provided false testimony in a civil deposition during a business dispute and in a civil proceeding in New Jersey state court.

After he was arrested, Chang agreed with a statement by his attorney that Chang had no knowledge of wrongdoing on the part of public officials, including the Public Official. Chang made similar statements in memoranda that he submitted to his attorney, many of which sharply contradicted Chang's subsequent statements to the Government. In addition, in a court appearance in April 2000 relating to the recusal of one of his attorneys, Chang lied about his dealings with that attorney and his statements to others about the attorney to ensure that the attorney remained on the case. While cooperating with the Government, moreover, Chang agreed to be interviewed by a reporter, who subsequently reported that Chang had advised her that he was in the Witness Protection Program, that he had given the Public Official numerous Rolex watches (as opposed to the one Rolex watch which Chang had mentioned in discussions with the Government), and that he thought the Public Official was trying to kill him. Chang's statements, whether accurate quotes or not, further undermined his credibility as a witness.

Equally significantly, Chang had difficulty accepting responsibility for his own conduct and wrongdoing. At times, for example, Chang incredibly claimed that he did not realize until 1998 that it was unlawful to provide money and other things of value to a public official in exchange for government assistance and influence. Chang also denied that he deliberately shredded documents that were subject to subpoena, although overwhelming

evidence demonstrated that he had done so. In addition, Chang dismissed as "business lies" many of the false claims he made in an effort to obtain business. In a similar vein, Chang displayed a tendency to blame others for Chang's own conduct. At various times, for example, Chang blamed his lawyers for the false testimony that he provided in a civil deposition.

IV. Termination Of Supervised Release Is Not Warranted For Chang

Title 18, United States Code, Section 3583(e)(1) provides, in part, that the court may terminate supervised release of a defendant at any time after the defendant has served one year of his term, if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Such action should be taken only after the Court takes into consideration "the nature and circumstances of the offense and history and characteristics of the defendant," pursuant to Title 18, United States Code, Section 3553(a)(1). Specifically, the Court can consider the need to deter further criminal conduct (18 U.S.C. § 3553(a)(2)(B)), the need to protect the public from further crimes committed by the defendant (18 U.S.C. § 3553(a)(2)(C)), the need to provide the defendant with vocational and/or medical and/or educational services in the most effective manner (18 U.S.C. § 3553(a)(2)(D)), along with any applicable policy statements. The Court should also ensure that the defendant is treated the same as similarly situated defendants. (18 U.S.C. § 3553(a)(6)).

Early termination of supervised release is a discretionary decision that is only warranted in cases where the defendant shows changed circumstances--such as exceptionally good behavior. See United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. Caruso, 241 F. Supp.2d 466, 468 (D.N.J. 2003) ("there is general agreement that the early termination of probation is a decision entrusted to the sound discretion of the District Court and is warranted only in cases where the defendant demonstrates changed circumstances, such as exceptionally good behavior"); United States v. Paterno, 2002 WL 1065682, *3 (D.N.J. 2002) (Bassler, J.) (denying motion for early termination of probation because former cooperating witness had not shown any change in circumstances, noting that merely complying with the law was not a sufficient basis for early termination). Although the Court should consider all of the enumerated factors, the statute confers broad discretion. United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998).

The Honorable John C. Lifland
Page 6
January 25, 2005

   Although Chang has served more than one year of supervised release, he has not shown that termination of supervised release is warranted by his conduct or is in the interests of justice. Chang has not alleged that he has been "exceptionally good;" rather, he merely states, in a conclusory fashion, that he has a "serious sickness" that requires early termination of his supervised release. Chang's Probation Officer informed the Government that Chang has liver disease and needs a transplant and he has been permitted to travel to Korea and Japan for medical treatment. Despite these medical problems, Chang has not provided any reason for premature termination of his supervision, other than noting that he has not violated the conditions of supervised release to date, and this Court should deny Chang's request. Merely following the rules that apply to all defendants on supervised release does not qualify as "exceptionally good" conduct. *See Paterno*, 2002 WL 1065682 at *3.

   An examination of the factors in 18 U.S.C. § 3553 makes clear that Chang is not a suitable candidate for early termination of supervised release. Chang was convicted of serious offenses involving witness tampering and violations of election campaign laws. In addition to his criminal conduct, Chang routinely engaged in deceptive and fraudulent conduct to further his own business interests, the type of behavior that severely damaged his credibility as a cooperating witness. Although the information Chang provided to the Government in connection with his cooperation was truthful is most material respects, Chang continued to sabotage his own efforts to provide substantial assistance to the Government by making wild accusations to reporters and others, which could not be substantiated. Given Chang's history of deceptiveness, the Government maintains that the public interest will be served by further monitoring of him.

   With respect to Chang's stated reason for requesting relief from this Court, his poor health, Chang has provided no details to suggest that he has been unable to adequately seek treatment while being supervised by the Probation Office. The Government has no objection to the Court allowing Chang to travel for purposes of seeking medical treatment, or any other appropriate reason. Thus, the Government sees no factual basis to support Chang's request for early termination from supervised release and urges that his request be denied.

The Honorable John C. Lifland
Page 7
January 25, 2005

V.   Conclusion

    For the reasons stated above, the Government submits that Chang's request for early termination of supervised release be denied because it is unwarranted, as Chang has not made a sufficient showing of extraordinary good behavior.

                            Respectfully submitted,

                            DAVID N. KELLEY
                            Acting United States Attorney
                            District of New Jersey

                By: Helen V. Cantwell
                    Special Assistant United States Attorney
                    (212) 637-2193

cc:  David Chang (by first class mail)
     Paul Choinski, United States Probation,
          District of New Jersey (by first class mail)

David Chang
335 E. Palisades Blvd. #B
Palisades Park, NJ 07650

October 19, 2004

Mr. Paul E. Choinski
United States Probation
District of New Jersey
200 Federal Plaza, Suite 130
P.O. Box 2097
Paterson, NJ 07509-2097

*RECEIVED U.S. PROBATION OFFICE PATERSON, N.J. OCT 2 0*

Dear Mr. Choinski:

In relation to the Federal Investigation on Bob Torricelli's 1996 Campaign Contribution, I was sentenced for 18 months in prison and 2 years probation. I was released from jail on August 13, 2003 and began my probation on October 1, 2003.

I kindly request you for early termination from probation. I have now completed 50 % of my term without violation and I would need extensive medical treatment for my serious sickness.

Thank you for reviewing my request.

Very truly yours,

*[signature]*

David Chang

# LEVY, TOLMAN & COSTELLO, LLP
## ATTORNEYS AT LAW

630 THIRD AVENUE
NEW YORK, N.Y. 10017

TELEPHONE (212) 949-8770
FACSIMILE (212) 661-9491

January 31, 2005

**VIA FAX (973) 645-3940 and FIRST CLASS MAIL**

Honorable John C. Lifland
United States District Judge
United States District Court
District of New Jersey
Martin Luther King Jr. Federal
Building and Courthouse
50 Walnut Street
Newark, NJ 07101-0999

RECEIVED IN CHAMBERS
　　- 4 20
HON. JOHN C. LIFLAND, USDJ

　　Re:　*United States v. David Chang*
　　　　Crim No. 99-726 (JCL) (AMW)

Dear Judge Lifland:

　　I represent David Chang, who has asked the Court to terminate his two year supervised release early based on his exemplary record supervision and his medical condition, liver cancer. Mr. Chang has forwarded to me the Southern District of New York's opposition.

　　First, as I write this letter Mr. Chang has completed 16 months of his originally imposed 24 month period of supervision or 66.6% and not 50% as claimed by the Southern District Assistant who did not work with this cooperating defendant. Second, Mr. Chang's request is standard in this case and many others. Every defendant in this matter has had his or her supervised release terminated early, generally at the halfway mark. The Court is urged to check with Mr. Choinsky of U.S. Probation in Patterson in Patterson, New Jersey (973-357-4082). Third, we submit that the person or persons best able to decide if David Chang is in need of further supervision are those who have been supervising him, namely Mr. Choinsky whose telephone number is listed above, and we urge this Court to consult with him, rather than an Assistant U.S. Attorney who has never met with, talked to or supervised David Chang.

　　As to A.U.S.A Cantwell's seven page screed, if you think it is "over the top" you are correct. If you apply A.U.S.A Cantwell's standard then early termination of supervised release

## LEVY, TOLMAN & COSTELLO, LLP

would never be granted to any defendant. David Chang currently has liver cancer and needs a liver transplant. Mr. Chang's best hope for a donor match is in Korea or China. The Government spends its time, in its opposition papers, trying to justify why it did not prosecute Senator Torricelli rather that relying on those government officials best suited to decide whether David Chang needs further supervision. A postscript is required for the claim that this was a serious crime for which there was publicity. First, I note that all offenses prosecuted by the United States Attorney are serious and many receive publicity because the United States Attorney wants that publicity. The fact remains that most supervised release cases are terminated before the original date so the claims of seriousness of the offense and publicity can hardly be the standard because if they were, no supervised release would be terminated early and the fact is that most are terminated early.

It's a good thing that David Chang cooperated and was found to be truthful by the United States Attorney's Office, otherwise they might oppose his being shown some consideration for his cooperation or at least treat him the same as other defendants who did not cooperate but whose supervision was terminated early.

This issue should be resolved by the Probation Office and the Court and not the United States Attorney's Office.

Very truly yours,

Robert J. Costello

cc: Mr. David Chang (by Fax)

   Mr. Paul Choinski, United States Probation,
         District of New Jersey

   Ms. Helen V. Cantwell, Special A.U.S.A. (By First Class Mail)
         U.S. Department of Justice
         Southern District of New York